# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RECIF RESOURCES, LLC, | § § § § § § § § § § § § § § § § § § § § § | |
| *Plaintiff/Counter-Defendant,* | | |
| vs. | | Civil Action No. 4:19-cv-02953 |
| JUNIPER CAPITAL ADVISORS, LP, JUNIPER CAPITAL INVESTMENTS, LLC, JUNIPER CAPITAL III, LP, STATE LINE EXPLORATION, LLC | | |
| *Defendants/Counter-Plaintiffs* | | |
| vs. | | |
| PAUL C. LANGLOIS and STEVEN M. JONES | | |
| *Counter-Defendants* | | |

## RECIF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND EXPERT REPORT AND DESIGNATE NON-RETAINED EXPERTS

Plaintiff and Counter-Defendant Recif Resources, LLC and Counter-Defendants Paul Langlois and Steven Jones (collectively "Recif") file this Reply in Support of its Motion For Continuance and Leave to Amend Expert Report and Designate Non-Retained Experts (the "Motion") (Dkt. 200) and in support hereof would respectfully show the Court as follows:

Juniper crying foul to a request by Recif for leave to do anything past an existing deadline is the pot calling the kettle black. As the Court will recall, Recif opposed Juniper's original removal of this case as untimely by four months pursuant to 28 U.S.C.

§1446(b)(3). The Court, in its October 24, 2019 Order on Recif's opposition, agreed that Juniper's removal was untimely as a matter of law. Dkt. 46 at 4. However, the Court, in its discretion, found that Juniper's untimeliness was excusable for "good cause". Dkt. 46 at 6. Specifically, the Court found that Juniper's four-month delay in removing the case "between April 26, 2019 and August 8, 2019, **was not substantial**." Dkt. 46 at 5. Finally, it found that Juniper's excuse for the delay in its removal (Juniper had originally blamed Recif) was unfounded and that the delay was actually "**caused by Juniper's failure**." Dkt. 46 at 6.

Recif seeks no less relief than what Juniper received on its untimely removal and for not very dissimilar reasons.

**Juniper's delayed and untimely removal action should be the measuring stick for Recif's Motion**

In its response to the Motion (the "Response") (Dkt. 203), Juniper cites to multiple non-binding slip opinions, often from magistrates, from jurisdictions as far away as Alabama and Mississippi. Further, Juniper relies on case law from non-binding jurisdictions in Oklahoma, Colorado, the 6th Circuit and the 11th Circuit. Juniper throws this wide net while ignoring perhaps the most relevant ruling for evaluating Recif's Motion, this Court's own October 24, 2019 Order (the "10/24/2019 Order"). Dkt. 46. This ruling is instructive and, upon review, favors granting Recif the relief it seeks.

First, Juniper claims that Recif should have moved to amend its expert report immediately upon receiving Juniper's expert rebuttal report, on June 5, 2020. Dkt. 203 at

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**                                                                                    **Page 2**

2. Recif disagrees with the use of this date as a benchmark; however, were it to be accepted, it would make Recif's delay in seeking leave to supplement a total of five months. Recif's Motion was filed on October 9, 2020. This would make Recif's delay in seeking leave to supplement Rhea's report approximately only one month longer than Juniper's delay in filing its untimely removal. This Court has already ruled that a four-month delay is not substantial in this matter and should likewise find that a five-month delay is not substantial as well.

Second, Juniper claims that Recif has no valid explanation for its delay in seeking the relief sought. Dkt. 203 at 5-7 and 11-12. Though Recif disagrees with this claim, if it were to be accepted, Recif would be in no different a position than Juniper was when this Court found that Juniper had no valid explanation for its delay in waiting four months beyond its deadline to remove the case. As such, should the Court likewise find that Recif's explanations for its delay are invalid, which it shouldn't, that alone should not be a disqualifier for Recif's requested relief, as it was not for Juniper.

Third, this Court found no prejudice to Recif when Recif had to replead and reargue both a summary judgment motion to dismiss Juniper's malicious prosecution claim and, when Recif had to replead, educate a new court on the complicated case facts, and reargue its motion to compel Juniper to produce documents related to its joint venture with EOG (this required multiple hearings to resolve as well). Since a granting of Recif's request for leave would only require Juniper to replead and reargue a single issue (the reliability of

**Recif's Reply in Support of its Motion for Continuance**
**And for Leave to Amend Expert Report and**
**Designate Non-Retained Experts**                                                                 **Page 3**

Rhea's two supplemented opinions) it would in fact cause no more burden on Juniper than was caused on Recif by the Court's finding of no prejudice in it its 10/24/2019 Order.

**Prejudice to Juniper is further eliminated by Recif's new lawsuit and Juniper's reaction to it**

On October 23, 2020, Recif filed suit against Edward Geiser, Kevin Cumming, Chase Schrotel, and Juniper Capital Advisors, LP for copyright infringement in the Southern District of Texas (the "Recif Copyright Case"). The Recif Copyright Case was assigned to Judge Ellison.

Soon after, counsel for Juniper contacted counsel for Recif and announced Juniper's intention to move to dismiss the Recif Copyright Case and to transfer that case to this Court. **Exhibit A.** In response, Recif offered to agree to a consolidation of the two cases and to request a new scheduling conference with this Court to determine new deadlines if Juniper would agree to abandon its motion to dismiss or at least explain the basis of it. *Id.* Juniper refused this compromise and filed an opposed motion to transfer in Judge Ellison's court on November 4, 2020. **Exhibit B.**[1] As such, Juniper is actively pursuing a course of action that will assuredly cause ripple effects and impact the timing of this case, if successful – namely, the potential combining of a case at the verge of pretrial with another case just filed and requiring some, if only limited, discovery to catch up.

---

[1] Juniper's explanation of its conference with Recif in the motion is both inaccurate and misleading as Exhibit A demonstrates.

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**                                                                                       **Page 4**

Should Juniper succeed in transferring the Recif Copyright Case to this Court, it seems highly likely that for purposes of judicial economy and the reduction of costs to the current parties the two cases will be consolidated for trial purposes and some type of pause, or stay, in the current scheduling order will be implemented until the Recif Copyright Case catches up, discovery-wise, to the current matter. Again, the decision to combine the cases is in Juniper's hands, and if Juniper does not wish to slow the current case, it could just as easily leave the Recif Copyright Case with Judge Ellison and deal with it as a separate matter.

Since Recif intends at this time to use Rhea as its technical and damages expert for the Recif Copyright Case, it is thus a reality that regardless of the outcome of this Motion and regardless of the success of Juniper's motion to transfer, Juniper will be required to read an updated damages report from Rhea, depose him, and potentially challenge him before this case goes to trial anyway. If any of this occurs, as it likely will, Juniper's current complaints of prejudice will become moot as it will be required to conduct further discovery anyway with regards to Rhea.

For the above reasons, and in the alternative, Recif concedes that a ruling on this motion may be premature before: 1) Juniper's motion to transfer and potential consolidation of the cases is resolved; and 2) Juniper's unfiled "mystery" motion to dismiss is resolved. Recif's response to Juniper's motion to transfer is not due until November 25, 2020 and it is unknown at this time when Juniper will file its "mystery" motion to dismiss.

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**     Page 5

**Leave for Rhea to Supplement Opinion #2 and #3 Should be Granted**

Juniper objects to Recif's request for leave to supplement Rhea's Opinion #2 and #3 for the following reasons: (1) the request is improper under Rule 26 because Rhea and his report have already been excluded (they were not) and (2) the request fails to meet the good-cause standard of Rule 16(b) (which it easily does). Dkt. 203 at 3-13. Further, Juniper conflates the impact of Recif's requested supplementation to play to its own argument that the supplement somehow alters or enlarges Rhea's already given opinions. Dkt. 203 at 5. However, the requested supplementation neither alters nor expands any of Rhea's opinions but simply provides additional detail on *how he reached* those opinions. As such these are minor modifications and should cause no undue surprise to Juniper because no new opinions are being made or requested.

**A. Recif's requests are proper under Rule 26 because neither Rhea nor his report have been excluded**

Juniper states that Rhea has no expert opinions to supplement because they have already been struck. Dkt. 203 at 4. This is inaccurate and misleading. First, Juniper only challenged six of Rhea's seven opinions. Rhea's Opinion #7, that the Recif principals, Paul Langlois and Steven Jones, are qualified and able to lead an exploration team and/or exploration program in the Louisiana Austin Chalk was never challenged, and Rhea remains able to testify to it. Second, though the Court excluded a portion of Rhea's Opinion #2, the portion of his opinion dealing with a reasonable hourly rate for the services of Recif principals Langlois and Jones was not excluded. Dkt. 199 at 14. This specific opinion is

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**                                                                          **Page 6**

one of the two which Recif has requested leave to supplement. Third, Juniper never challenged the qualifications of Rhea to give any opinion under *Daubert* or any other standard.

Juniper relies on *Target Strike Inc. v. Marston & Marston, Inc*. in its argument that Rule 26 does not apply to an excluded expert. Dkt. 203 at 4. However, *Target Strike* is not an analogous case. The expert and his opinion in *Target Strike*, unlike Rhea, was completely excluded by the Court. *Target Strike Inc. v. Marston & Marston, Inc*., 2011 WL 2215989, at *1 (W.D. Tex. June 6, 2011). Following his exclusion, Target Strike moved under Rule 26 to supplement the excluded expert's report and was denied because "the opportunity to supplement was extinguished when the district court excluded" the expert. *Id.* Since Rhea was neither excluded as a witness by the Court, nor was his Opinion #2 fully excluded by the Court, *Target Strike* is not analogous and does not apply here.

**B.     Under Rule 16(b) the requested relief is proper because Recif has provided a legitimate reason for its delay in requesting leave to supplement**

Juniper states that Recif has not identified any legitimate reason for its delay in seeking leave to supplement. Dkt. 203 at 5-6. However, Recif identified in its Motion that the reason for its delay in requesting leave was that it had a reasonable belief that its expert report was not incomplete in any material way until the Court ruled that portions of it were incomplete. Dkt. 200 at 2-3. Rhea, unlike Juniper's experts, is not a professional expert. Rather, he is a semi-retired oilman who admittingly has not drafted hundreds of prior expert reports. Neither Rhea nor counsel for Recif believed in good faith that his report was

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**                                                                                    **Page 7**

deficient until the Court's ruling, or earlier leave would have been sought to supplement the Rhea report.

Additionally, Juniper would have the Court view its initial expert challenges of the Rhea report on June 5, 2020, before briefing and argument to the Court, as "Gospel" notice to Recif that some of Rhea's opinions were deficient. However, if this rule was to be followed by all litigants, no need would exist for any motion practice on experts and a party could simply challenge any portion of an expert report for any reason in order to exclude it. Recif was well within its rights to disagree with Juniper's expert's rebuttal report and stand on its expert's opinions versus immediately moving to supplement. The true date of when Recif learned of a material issue with Rhea's report that required supplementation was October 1, 2020, the date of the Court's order excluding portions of the Rhea report (the "10/1/2020 Order"). As such, Recif's moving for leave to supplement eight days later, on October 9, 2020, is timely.

**C.     Under Rule 16(b) the requested relief is proper because Recif has explained the importance of the expert's supplemented testimony**

Juniper states that Recif has not identified the importance of the expert's supplemental testimony. Dkt. 203 at 7-8. However, Recif identified in its Motion that the supplementation is important because Rhea is Recif's only presently designated technical and damages expert. Dkt. 200 at 3. Though Recif's technical and damages evidence does not solely rely on Rhea's testimony, it certainly provides an integral portion of Recif's case against Juniper and fairly satisfies this requirement. Juniper in fact shares this view with

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**                                                                                                        **Page 8**

Recif or it would not be opposing this motion so aggressively. Juniper even concedes in its Response that "Recif knew it was dependent on its expert." Dkt. 203 at 8.

D.   **Under Rule 16(b) the requested relief is proper because of the lack of prejudice it would cause Juniper**

Recif's request to supplement Rhea's report will advance no new theories or methodologies. Rather, it will simply provide in writing an explanation of the independent analysis Rhea followed in deciding to include 1,985 hours of work by Recif in his market value opinion and in determining that the information provided by Recif to Juniper could be applied to land found within approximately 20 miles of the boundaries of Recif's AOI. Neither of these are new theories to Juniper and neither theory is going to be replaced or materially altered by a supplementation. Further, neither of these will require new methodologies from Rhea in order to supplement. Rhea was penalized by the Court in his original report for making broad, conclusory statements and not explaining in specific detail what he did to reach his conclusions. It is this information and this information alone that Rhea will now provide in detail.

Juniper states that its most significant argument against the Recif Motion is that the delay sought by Recif prejudices Juniper by further pushing out the resolution of this case. Dkt. 203 at 10. As stated above, actions Juniper has taken in response to Recif's filing of the Recif Copyright Case has now made this argument moot.

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**                                                                                          **Page 9**

Since Juniper will not be required to respond or prepare a defense to any new opinion or methodology by Recif's requested supplementation, and for the other reasons stated above, it is thus not prejudiced by the leave Recif requests.

**E.     Under Rule 16(b) the requested relief is proper because of the availability of a continuance to cure prejudice**

As described above, Juniper's actions in response to the Recif Copyright Case likely moot much of its Response argument in this matter.  Regardless, Juniper's concern of delay is unfounded due to both the COVID situation facing the courts and the minimal nature of time requested by Recif to supplement Rhea's opinions.  Due to Recif only requesting leave to supplement one and a half of its expert's original seven opinions, due to Recif's expert only requesting leave to supplement filler in those one and a half opinions on how he reached his final conclusions (which will not change), the impact on Juniper in reviewing and potentially re-challenging will be minimal and at least 5/7 less than what it was originally (Juniper will not have to reexamine six and half of the original seven opinions). For the above reasons, the availability of continuance exists to cure prejudice.

**Recif's Request for Leave to Designate Non-Retained Experts**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." When deciding whether to grant such leave, trial courts have "'broad discretion." *S & W Enter., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). Though the Fifth Circuit has provided a four part abuse-

**Recif's Reply in Support of its Motion for Continuance**
**And for Leave to Amend Expert Report and**
**Designate Non-Retained Experts**                                                                                   **Page 10**

of-discretion test in reviewing these discretionary decisions (*Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)), the test by no means is mandatory at the trial level. As such, a party is by no means obligated to satisfy each part of the abuse test in a request for leave to modify a scheduling order.

That said, Recif is able to meet the requirements of the test easily. For the first part of the test, Recif's reason for its delay is the same as it was for its request to supplement the expert report of Rhea. It was not aware that it needed additional expert testimony until the Court issued its 10/01/2020 Order. For the second part of the test, the importance of Langlois and Jones' testimony is to provide the jury in the trial of this case expert testimony from Recif over (1) the value of the work Recif shared with Juniper and (2) the reach of that same work outside of the Recif AOI. For the third part of the test, no prejudice is created by these designations because Juniper has already deposed both Langlois and Jones and asked questions related to both these topics *ad nauseum*. It should not require any further review of Recif's non-retained experts than Recif requires of its non-retained experts, prior to trial. To claim Juniper would need to re-depose a non-retained expert over subject matter already covered in depth through discovery is puffery and nothing more. For the fourth and final test, Recif offers the same answer as given above for its request for leave to supplement the Rhea expert report. When reviewed in their totality, and when combined with the arguments in equity made in the Motion, this Court should use its discretion and permit Recif to designate Langlois and Jones as non-retained experts.

**Recif's Reply in Support of its Motion for Continuance**
**And for Leave to Amend Expert Report and**
**Designate Non-Retained Experts**     **Page 11**

**Recif's request for continuance is not moot**

Juniper alleges that Recif's request for a continuance is moot because of the Court's moving of the current docket date. Dkt. 203 at 13. However, this argument ignores the reality that Recif will need 30 days from the date leave is granted by the Court in order to allow Rhea to supplement his report. Since this date is yet unknown, neither Juniper nor Recif can speculate if the Court's prior movement of the docket date for this case moots Recif's request for continuance or not.

## II. CONCLUSION

Plaintiff and Counter-Defendant Recif Resources, LLC, and Counter-Defendants Paul Langlois and Steven Jones respectfully request that the Court grant their motion for a 30 day continuance, for leave to allow Recif expert Bill Rhea to supplement his expert report, and for leave to extend Recif's expert disclosure deadline to allow Recif to designate Counter-Defendants Paul Langlois and Steven Jones as non-retained expert technical experts.

Dated: November 6, 2020

Respectfully submitted,

/s/ K. Knox Nunnally
K. Knox Nunnally
Texas Bar No. 24063995
Federal I.D. No. 1419997
2929 Allen Parkway, 39th Floor
Houston, Texas 77019
713.659.6400 – Phone
713.669.6262 – Fax
knoxnunnally@warejackson.com

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts** Page 12

                                              **ATTORNEY IN CHARGE FOR PLAINTIFF AND COUNTER-DEFENDANT RECIF RESOURCES, LLC AND COUNTER-DEFENDANTS PAUL LANGLOIS AND STEVEN JONES**

**Of Counsel:**

**Ware, Jackson, Lee, O'Neill,
Smith & Barrow, LLP**
Avery Sheppard
State Bar No. 24088403
Federal I.D. No. 2200210
averysheppard@warejackson.com
2929 Allen Parkway, 39th Floor
Houston, Texas 77019
713.659.6400 – Phone
713.659.6262 – Fax
**Attorneys for Recif Resources, LLC**


## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on November 6, 2020.

                                                              */s/ K. Knox Nunnally*
                                                                  K. Knox Nunnally

**Recif's Reply in Support of its Motion for Continuance
And for Leave to Amend Expert Report and
Designate Non-Retained Experts**                                      **Page 13**